OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio. Attention: Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
NOTE: Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public. The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Cleveland Bar Association v. Gay.
[Cite as Cleveland Bar Assn. v. Gay (1993),      Ohio St.3d
.]
Attorneys at law -- Misconduct -- Indefinite suspension --
    Readmittance with conditions -- Engaging in conduct
    involving dishonesty, fraud, deceit or misrepresentation
    -- Conduct prejudicial to the administration of justice --
    Conduct adversely reflecting on fitness to practice law --
    Neglect of an entrusted legal matter -- Failing to
    maintain complete record of client funds and properties --
    Failing to promptly pay or deliver funds requested by
    client -- Failing to seek lawful objectives of client --
    Failing to cooperate in investigations by grievance
    committee -- Failing to register with Supreme Court.
    (No. 93-1738 -- Submitted November 10, 1994 -- Decided
February 2, 1994.)
    On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 90-35.
    On June 26, 1990, relator, Cleveland Bar Association,
filed a five-count complaint charging respondent, James A. Gay
of Cleveland, Ohio, Attorney Registration No. 0025646, with
numerous violations of the Code of Professional
Responsibility. Respondent failed to answer the complaint and,
on March 4, 1993, a panel of the Board of Commissioners on
Grievances and Discipline granted relator's motion for
default. Counsel for respondent subsequently made an
appearance in the proceeding to submit evidence in mitigation
only. The parties waived their right to a hearing on that
issue.
    The evidence submitted in support of relator's motion for
default shows, as to Count I, that respondent was removed as
administrator of his father's estate for failing to file an
inventory. Further, the successor administrator received a
judgment against respondent for misappropriating and converting
to his own use the sum of $5,631.55 from the estate. The panel
found that respondent violated DR 1-102(A)(4) (engaging in
conduct involving dishonesty, fraud, deceit or
misrepresentation), 1-102(A)(5) (engaging in conduct that is

prejudicial to the administration of justice), 1-102(A)(6) (engaging in conduct that adversely reflects on one's fitness to practice law), 6-101(A)(3) (neglecting a legal matter entrusted), 9-102(B)(3) (failing to maintain complete records of all funds, securities and other properties of a client), and 9-102(B)(4) (failing to promptly pay or deliver to a client as requested by the client, the funds, securities, or other properties in the attorney's possession).

As to Count II, the evidence reveals that respondent agreed to represent Phyllis M. Washington in a pending malpractice action, that he did not respond to her telephone calls or letters, and that he failed to pursue her lawsuit. The panel found violations of DR 1-102(A)(4), 1-102(A)(5), 6-101(A)(3), and 7-101(A)(1) (failing to seek the lawful objectives of a client).

The evidence establishes, as to Count III, that respondent agreed to represent three clients (Johnnie Jones, Paul Traylor and Jacqueline Jackson) in various legal matters and, thereafter, failed to pursue their claims or communicate with them. Further, respondent accepted fees from Jones and Traylor (in the amounts of $200 and $345, respectively) for legal services which he did not perform and he has failed to return those sums. The panel found violations of DR 1-102(A)(4), 6-101(A)(3), 7-101(A)(1), and 9-102(B)(4).

As to Count IV, the evidence shows that various members of the Certified Grievance Committees of the Cleveland and Cuyahoga County Bar Associations contacted respondent concerning the complaints filed against him, that respondent failed to respond to their telephone calls and letters, and that respondent failed to provide the information they requested. The panel found a violation of Gov. Bar R. V(5)(A), now V(4)(G) (failing to cooperate in investigations by certified grievance committees).

As to Count V, the evidence establishes that respondent was admitted to the practice of law in the state of Ohio in 1979, that he has continued to practice law in this state at least through January 1991, and that he has not registered with the Supreme Court of Ohio pursuant to Gov. Bar R. VI since the 1985-1987 biennium. The panel found a violation of Gov. Bar R. VI(1) (failing to register with the Supreme Court of Ohio).

In mitigation, respondent, through his counsel, submitted medical documentation that the misconduct alleged was attributable to clinical depression and substance abuse. Relator and counsel for respondent recommended that respondent be indefinitely suspended from the practice of law.

The panel recommended indefinite suspension as the appropriate sanction. It further recommended that respondent's readmittance be conditioned upon his providing clear and convincing evidence of his abstinence from substance abuse and substantial recovery from clinical depression, as well as proof of restitution. The board adopted the panel's findings and recommendation.

John A Hallbauer and Dennis M. Pilawa, for relator.
Otha M. Jackson, for respondent.

Per Curiam. We agree that respondent committed the

disciplinary violations found by the board.  We also agree with the board's recommendation.  Accordingly, respondent is hereby indefinitely suspended from the practice of law in Ohio with readmittance conditioned upon the criteria recommended by the board.  Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright,  Resnick, F.E. Sweeney and Pfeifer, JJ., concur.